IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| RICHARD CUTWRIGHT, :<br>   Plaintiff, :<br>vs. :<br>RICKEY GREEN, STEPHEN UPTON :<br>and TERRY SELTZER, :<br>   Defendants. : | Civil Action File No.<br>**1:03-CV-163 (WLS)** |

_____

## RECOMMENDATION

   Presently pending in the *pro se* prisoner action is defendants' motion for summary judgment (tab 19).

   At all times relevant to this suit, plaintiff was an inmate at Calhoun state Prison. Defendants at the relevant time were employed by the Georgia Department of Corrections assigned to Calhoun State Prison. Defendant Green was a correctional officer; Seltzer was the Deputy Warden; and defendant Upton was the Warden of Calhoun State Prison. Plaintiff claims that on July 31, 2003, defendant Green used excessive force in violation of plaintiff's constitutional rights. Plaintiff alleges that defendant Green slammed him into a wall, tackled him, and kicked and beat him. Plaintiff claims that defendants Upton and Seltzer denied him adequate medical treatment after the use of force incident with defendant Green.

   Defendants assert that plaintiff was among a group of new arrivals being checked into the prison intake office, when plaintiff ran out of the office attempting to run away from the officers with his handcuffs and leg irons on. Defendants claim that plaintiff fell while running, and

sustained an abrasion and minor laceration above plaintiff's eye. Defendants state that plaintiff was taken to the medical department by defendant Green where he was treated by an RN and released.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's

case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Excessive Force*

Defendants admit that there is an issue of fact as to what actually occurred on the date in question: plaintiff contends he was beaten, and defendants contend plaintiff was not beaten, but instead fell on his own. However, defendants assert that plaintiff's claim should be dismissed because he does not meet the PLRA's physical injury requirement. Plaintiff requests $600,000 for his pain and suffering.

Section 1997e(e) of the PLRA states in relevant part: "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of a physical injury." 42 U.S.C. § 1997e(e) (Supp. 1998). This section only bars a damages recovery for a mental or emotional injury where there is no connected physical injury. Harris v. Garner, 190 F.3d 1279, 1287-88 (11th Cir.), modified in part by Harris v. Garner, 216 F .3d 970 (11th Cir.2000). A physical injury that is associated with a mental or emotional injury must be more than *de minimis* in order to avoid the application of § 1997e(e). Harris, 190 F.3d at 1286 ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson for analyzing claims brought under the Eighth Amendment for cruel and unusual  punishment, and hold that in order to satisfy section 1997e(e)the physical injury must be more than *de minimis*, but need not be significant.").

Plaintiff has failed to rebut defendants' contention that the injury of which plaintiff complains is *de minimis*. Plaintiff's medical records (Exhibit A tab 19) show that he was treated in the medical department of the prison for a laceration and abrasion on his forehead over his left eye. Plaintiff has submitted no evidence to rebut this, and has not addressed the argument in his response to defendants' motion. Consequently, the undersigned finds that plaintiff's injury was *de minimis*, and therefore does not meet the requirement of §1997e(e) for there to be an actual injury.

However, while this means that plaintiff cannot recover compensatory damages for this injury, nominal damages are not precluded. Even though plaintiff did not specifically request nominal damages, if he were successful in this case, nominal damages could still be recovered. Memphis Community School District v. Stachura, 477 U.S. 299, 308-309, 106 S.Ct. 2537, 2543-44, n. 11, 91 L.Ed.2d 249 (1986) (noting that nominal damages are an appropriate means of "vindicating" rights whose deprivation has not caused actual, provable injury). In keeping with the principle that *pro se* complaints be construed liberally, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), plaintiff's complaint is read as having requested nominal damages.

*Medical Care*

Defendants assert they are entitled to summary judgment on plaintiff's claim of deliberate indifference to his serious medical needs, because plaintiff in fact received medical care appropriate for his injuries. In his complaint, plaintiff states he did not see a medical provider for a week, despite asking defendants several times. Plaintiff alleges injuries to his eye, back, and neck.

It is well established that prison personnel may not subject inmates to "acts or omissions

sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976).   However, "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations."  Harris, 941 F.2d at 1505.  It must involve the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25 (1993).    Knowledge of the medical need alleged or circumstances clearly indicating the existence of such need is essential to a finding of deliberate indifference.  Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1191 (11th Cir. 1994), quoting  Horn ex rel. Parks v. Madison Co. Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994), cert. denied, 513 U.S. 873 (1994).   In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind."    "[A]n official acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 (11th Cir.1997).   "It is......true that when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation."  McElligott v. Foley, 182 F.3d 1248, 1256-1257 (11th Cir. 1999).

  Here defendants have submitted medical records showing that plaintiff was treated for his injury on the date it occurred, July 31, 2003.  (Exhibit A, tab 19).  Plaintiff has failed to rebut this medical evidence in any way, and has failed to otherwise support his contention that he did not receive medical care.  Defendants Upton and Seltzer are therefore entitled to summary judgment.

  Consequently, it is the RECOMMENDATION of the undersigned that defendants' motion for summary judgment be **GRANTED in part and DENIED in part as follows**: that defendants

Upton and Seltzer be dismissed completely, and that all claims against defendant Rickey Green be dismissed but for a claim for nominal damages for the alleged excessive force against defendant Green.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 9th day of February, 2005.

                                                           //S Richard L. Hodge
                                                           RICHARD L. HODGE
                                                           UNITED STATES MAGISTRATE JUDGE

msd